# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50408 | **DATE** | 2/5/2003 |
| **CASE TITLE** | Lynch vs. Switalski, et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion to strike or dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion to strike or dismiss is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | number of notices | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required. | | | | | |
| X | Notices mailed by judge's staff. | | | FEB - 6 2002 | | 15 |
| | Notified counsel by telephone. | | | date docketed | | |
| | Docketing to mail notices. | | | docketing deputy initials | | |
| | Mail AO 450 form. | | | 2-6-03 | | |
| | Copy to judge/magistrate judge. | | | date mailed notice | | |
| /LC | courtroom deputy's initials | | Date/time received in central Clerk's Office | | mailing deputy initials | |

FILED-WD
'03 FEB -6 AM 9:47
CLERK U.S. DISTRICT COURT

# MEMORANDUM OPINION AND ORDER

Plaintiff, Raymond D. Lynch, has filed a two-count complaint against defendants, Milan D. Switalski and Midwest Trailer Sales, Inc. ("Midwest"), for negligence arising from an automobile accident between Lynch and Switalski at a time when Switalski was acting in the course of his employment with Midwest. As Lynch is a citizen of Illinois, Switalski is a citizen of Wisconsin, Midwest is incorporated with its principal place of business in Wisconsin, and the amount in controversy exceeds $75,000, diversity jurisdiction is proper under 28 U.S.C. § 1332. Venue is proper based on 28 U.S.C. § 1391. Before the court is defendants' joint motion to strike, presumably filed under Federal Rule of Civil Procedure 12(f), or dismiss, filed pursuant to Rule 12(b)(6).

The sole issue raised in defendants' motion is whether Lynch has alleged sufficient facts to support his request for punitive damages under Illinois law. (Because the parties assume Illinois law controls this diversity action, the court will do the same. See Checkers Eight Ltd. P'ship v. Hawkins, 241 F.3d 558, 561 (7th Cir. 2001).) From his response brief, it is clear Lynch is seeking punitive damages against defendants under a "wilful and wanton" theory. As such, Illinois law requires him to show that defendants' acts were done "with an evil motive or . . . reckless indifference to the rights of others." Loitz v. Remington Arms Co., 563 N.E.2d 397, 402 (Ill. 1990) (internal quotations and citation omitted). In his complaint, Lynch alleges, among other things, that Switalski "[r]ecklessly operated a vehicle upon the highway when he knew or should have known that such vehicle was in a state of disrepair or contained defects." (Compl. ¶8(d)) Then in his response brief, Lynch fleshes out this allegation by asserting that defendants were aware the semi-tractor Switalski was driving at the time of the accident had continuous problems with its brakes, despite repeated efforts to repair them. Lynch further claims in his response brief that the defective brakes caused the accident. By thus allowing a vehicle they knew had brake problems to be driven on the public roadways, Lynch believes defendants recklessly disregarded the safety of others.

"A plaintiff need not put all of the essential facts in the complaint; he may add them by affidavit or brief in order to defeat a motion to dismiss if the facts are consistent with the allegations of the complaint." Help at Home, Inc. v. Medical Capital L.L.C., 260 F.3d 748, 752-53 (7th Cir. 2001) (internal quotations and citations omitted). For this reason, the court finds the additional facts set out in Lynch's response brief are both consistent with his complaint and adequate to support his request for punitive damages under a "wilful and wanton" theory. To be clear, though, the court has not considered the additional materials Lynch attached to his response brief —excerpts from Switalski's deposition and an affidavit from a former Midwest employee —but has simply assumed solely for purposes of ruling on defendants' motion that the facts set out in the response brief are true, just as it would if those facts were originally alleged in the complaint.

For the reasons stated above, defendants' motion to strike or dismiss is denied.